# EXHIBIT A

Shannon Dodge
106 Lyndon Dr.
Scott Township, PA 18411

      Plaintiff

v.

Credit Control, LLC
3300 Rider Trail S, Suite 500
Earth City, MO 63045

      Defendant

IN THE LACKAWANNA
COUNTY COURT OF COMMON PLEAS

Civil Action

No. 23-CV-01665

Jury Trial Demanded



## NOTICE

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by plaintiff(s). You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.

IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

      Northeastern Pennsylvania Legal Services
      33 North Main Street, Suite 200
      Pittston, PA 18640
      Telephone (570) 299-4100

| | |
|---|---|
| Shannon Dodge,<br>              Plaintiff<br>v.<br>Credit Control, LLC,<br>              Defendant | IN THE LACKAWANNA<br>COUNTY COURT OF COMMON PLEAS<br><br>Docket No. 23-cv-1665 |

## COMPLAINT

### I.    INTRODUCTION

1. This is an action for damages brought by an individual consumer for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereinafter "the Act"). Defendant violated the Act by continuing to contact Plaintiff after she disputed an alleged debt, and before Defendant had verified the debt. Additionally, Defendant communicated with Plaintiff by telephone without meaningfully disclosing its identity, or disclosing that Defendant was a debt collector. Defendant's calls also falsely and deceptively indicated that the call involved an important matter, when in actuality the calls were simply collection communications.

### I.    PARTIES

2. Plaintiff is a natural person residing in this county.

3. Plaintiff is, and at all relevant times was, a "consumer" as defined by 15 U.S.C. § 1692a(3).

4. Credit Control, LLC is an entity with an address of 3300 Rider Trail S, Suite 500, Earth City, MO 63045.

5. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

### II.    STATEMENT OF CLAIM

6. The foregoing paragraphs are incorporated herein by reference.

7. Congress enacted the Act to prevent real harm. Congress found that "abusive debt collection practices [we]re carried on to a substantial extent in interstate commerce and through means and instrumentalities of such commerce." 15 U.S.C. § 1692(d).

8. In order to help achieve this goal, the Act prohibits a debt collector from using harassing or abusing a consumer, or from using false, deceptive, or misleading representations or means when attempting to collect a debt.

9. Within the past year Credit Control, LLC was attempting to collect from Plaintiff an account that Plaintiff allegedly owed ("the Account").

10. The Account is a "debt" as that term is defined by the Act, 15 U.S.C. § 1692a(5).

*Count 1 – Violation of 15 U.S.C. § 1692g*

11. The foregoing paragraphs are incorporated herein by reference.

12. On or about January 13, 2023, Defendant sent a collection letter to Plaintiff seeking to collect the Account.

13. In the January 13, 2023 letter, Defendant advised Plaintiff that she had until February 27, 2023 to dispute the Account.

14. Shortly after receiving the January 13, 2023 letter, Plaintiff timely submitted a dispute of the debt to Defendant ("the Dispute").

15. The Dispute was mailed to the address listed in the January 13, 2023 letter.

16. It is believed, and therefore averred, that, shortly after it was mailed, Defendant received the Dispute.

17. As set forth in the Act, once a debt collector receives a dispute it must stop collection efforts until it provides the consumer with a verification of the debt.

18. Specifically, the Act states:

> the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector.

15 U.S.C. § 1692g(b).

19. After receiving the Dispute, Defendant did not cease collecting the Account.

20. Instead, Defendant continued to seek to collect the debt from Plaintiff, such as by, *inter alia*, placing telephone calls to her on January 19, 2023, January 25, 2023, January 30, 2023, and January 31, 2023.

21. As of February 14, 2023, Plaintiff has still not received a validation related to the Account.

22. Continuing to collect the Account after Plaintiff had disputed it, and prior to sending a validation, violates the FDCPA, 15 U.S.C. § 1692g.

WHEREFORE, Plaintiff demands judgment against Defendant for statutory damages of no more than $1,000.00, costs, attorney's fees, and such other and further relief as deemed just and proper.

*Count 2 – Violation of 15 U.S.C. §§ 1692d and 1692e*

23. The foregoing paragraphs are incorporated herein by reference.

24. In addition to contacting Plaintiff while a dispute was pending, Defendant violated the Act because its telephone calls to Plaintiff regarding the Account did not properly disclose that Defendant was a debt collector and Defendant did not meaningfully identify itself during these calls.

25. Specifically, when Plaintiff would answer a call, the caller would state that they were calling about a personal business matter, and sought to confirm that Plaintiff was the individual

answering the phone. Once Plaintiff confirmed this information, she was transferred to a "representative," who then demanded more personal information from Plaintiff, such as parts of her social security number. Plaintiff refused to provide this additional information.

26. At no point during these telephone calls was Plaintiff advised that the caller was a debt collector.

27. Additionally, the calls were deceptive and misleading, because Plaintiff believed that the calls pertained to an important matter—such as her husband's safety on the overseas trip he was on—rather than a simple communication from a debt collector.

28. Defendant violated the FDCPA by failing to disclose during these telephone calls that the call was from a debt collector, and by failing to meaningfully disclose its identity. 15 U.S.C. § 1692d(5) and 15 U.S.C. § 1692e(11).

29. Additionally, Defendant violated the FDCPA by falsely and deceptively representing that the call regarded an important matter, when in actuality the calls were simply attempts to collect the Account. 15 U.S.C. § 1692e.

WHEREFORE, Plaintiff demands judgment against Defendant for statutory damages of no more than $1,000.00, costs, attorney's fees, and such other and further relief as deemed just and proper.

### III. DEMAND FOR JURY TRIAL

30. Plaintiff demands a trial by jury as to all issues so triable.

*/s/ Brett Freeman*

Brett Freeman
Bar Number: PA 308834
Freeman Law
210 Montage Mountain Road.
Moosic, PA 18507
Attorney for Plaintiff
Phone (570) 589-0010

**CERTIFICATION OF COMPLIANCE**

I certify that this filing complies with the provisions of the *Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts* that require filing confidential information and documents differently than non-confidential information and documents.

_____
Brett Freeman
Bar Number: PA 308834
Freeman Law
210 Montage Mountain Road.
Moosic, PA 18507
Attorney for Plaintiff
Phone (570) 589-0010

**VERIFICATION OF COMPLAINT**

I verify that all of the facts contained in the above document are true, to the best of my knowledge, information and belief formed after reasonable inquiry.

Date: 5·8·23

_____
Shannon Dodge