## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

SHANNON DODGE

      Plaintiff,

vs.

CREDIT CONTROL, LLC

      Defendant.

Case No.: 3:23-cv-920

### CREDIT CONTROL, LLC'S ANSWER AND AFFIRMATIVE DEFENSES

Defendant Credit Control, LLC ("Credit Control"), by and through its counsel, hereby answers the Complaint of Plaintiff Shannon Dodge ("Plaintiff") as follows:

## I.       INTRODUCTION

1.       Credit Control admits the nature of this action involves Plaintiff's allegations that Credit Control violated the FDCPA. Credit Control denies the conduct alleged and denies it violated the law in any way.  The remainder of this paragraph states a legal conclusion to which no response is required.  To the extent a response is necessary, Credit Control denies the allegations of this paragraph in full.

## I.       PARTIES

2.       Credit Control lacks sufficient information to form a belief as to the allegations set forth in this paragraph, and therefore denies the same.

3.       This paragraph states a legal conclusion to which no response is required.  To the extent a response is necessary, Credit Control denies this paragraph.

4.       Credit Control admits the allegations of this paragraph.

5. This paragraph states a legal conclusion to which no response is required. To the extent a response is necessary, Credit Control denies this paragraph.

## II. STATEMENT OF CLAIM

6. Credit Control repeats and reincorporates all statements and denials stated in previous paragraphs as if fully set out herein.

7. This paragraph states a legal conclusion to which no response is required. To the extent a response is necessary, Credit Control denies this paragraph.

8. This paragraph states a legal conclusion to which no response is required. To the extent a response is necessary, Credit Control denies this paragraph.

9. Credit Control admits this paragraph.

10. This paragraph states a legal conclusion to which no response is required. To the extent a response is necessary, Credit Control denies this paragraph.

*Count I – Violation of 15 U.S.C. of 15 U.S.C. § 1692g*

11. Credit Control repeats and reincorporates all statements and denials stated in previous paragraphs as if fully set out herein.

12. Credit Control admits this paragraph.

13. The letter referenced in this paragraph speaks for itself, and Credit Control denies any allegations not specifically supported by the letter or its contents.

14. Credit Control lacks sufficient information to admit or deny this paragraph's allegations as to whether Plaintiff attempted to send a dispute, and therefore denies the same. Credit Control denies that it received any such dispute, and denies the remaining allegations of this paragraph.

15.     Credit Control lacks sufficient information to admit or deny this paragraph's allegations as to whether Plaintiff attempted to send a dispute, and therefore denies the same. Credit Control denies that it received any such dispute, and denies the remaining allegations of this paragraph.

16.     Credit Control denies this paragraph.

17.     This paragraph states a legal conclusion to which no response is required.  To the extent a response is necessary, Credit Control denies this paragraph.

18.     This paragraph states a legal conclusion to which no response is required.  To the extent a response is necessary, Credit Control denies this paragraph.

19.     Credit Control denies that it received "the Dispute," and therefore denies the allegations of this paragraph.

20.     Credit Control denies it attempted to place a call to Plaintiff on January 19, 2023. Credit Control admits that it attempted to contact Plaintiff by telephone on the other dates listed. However, each time Credit Control reached someone at the telephone number it called, the person who answered refused to verify their identity, and thus Credit Control cannot confirm that it placed any telephone calls "to her" on those dates.  Credit Control denies the remaining allegations of this paragraph not specifically admitted.

21.     As Credit Control has never received a request from Plaintiff to validate her Account, Credit Control admits it had not sent Plaintiff validation information about the Account as of the date listed in this paragraph.

22.     This paragraph states a legal conclusion to which no response is required.  To the extent a response is necessary, Credit Control denies the conduct alleged, denies it violated the law in any way, and denies the remaining allegations of this paragraph.

*Count 2 – Violation of 15 U.S.C. §§ 1692d and 1692e*

23.　　Credit Control repeats and reincorporates all statements and denials stated in previous paragraphs as if fully set out herein.

24.　　Credit Control denies that a "dispute was pending" at the time it attempted to contact Plaintiff.  Credit Control admits that it did not identify itself as a debt collector on the calls it attempted to make to Plaintiff, as the individual who answered the telephone repeatedly refused to confirm their identity and prematurely ended the calls.  Credit Control lacks sufficient information to admit or deny that the individual who answered its calls was, indeed, Plaintiff, and therefore denies the same, and denies the remaining allegations of this paragraph not specifically admitted.

25.　　Credit Control admits its representative initially stated that they were calling about a personal business matter, and then sought to confirm that the individual who answered the phone was, indeed, Plaintiff.  Credit Control denies Plaintiff ever "confirmed this information," and that anyone "demanded more personal information from Plaintiff." Credit Control admits the individual who answered the calls refused to provide any information, but denies that she refused to provide "additional information."  Credit Control lacks sufficient information to admit or deny that the individual who answered its calls was, indeed, Plaintiff, and therefore denies the same, and denies the remaining allegations of this paragraph not specifically admitted.

26.　　Credit Control admits that, because the individual who answered the telephone repeatedly refused to verify their identity and prematurely ended the calls, that Credit Control did not identity itself as a debt collector on these calls.  Credit Control lacks sufficient information to admit or deny that the individual who answered its calls was, indeed, Plaintiff, and therefore denies the same, and denies the remaining allegations of this paragraph not specifically admitted.

27.     Credit Control states that each and every time its representative spoke to someone on these telephone calls, the representative stated their name and identified the company as Credit Control, LLC, and made no statements that could reasonably be construed to be about Plaintiff's husband's safety.  Credit Control lacks sufficient information to determine whether or not Plaintiff believed the calls pertained to some matter other than her Account, and therefore denies the allegations of this paragraph.

28.     This paragraph states a legal conclusion to which no response is required.  To the extent a response is necessary, Credit Control denies the conduct alleged, denies it violated the law in any way, and denies the remaining allegations of this paragraph.

29.     This paragraph states a legal conclusion to which no response is required.  To the extent a response is necessary, Credit Control denies the conduct alleged, denies it violated the law in any way, and denies the remaining allegations of this paragraph.

## JURY DEMAND

30.     Credit Control admits that Plaintiff demands a trial by jury.

## FIRST AFFIRMATIVE DEFENSE

31.     To the extent a violation of the law occurred, which is expressly denied, such violation as the result of a bona fide error despite the adoption of procedures reasonably designed to prevent such an error.

## SECOND AFFIRMATIVE DEFENSE

32.     Credit Control acted in good faith at all times in its dealings with Plaintiff, and if any conduct by Credit Control is found to be unlawful, which Credit Control expressly denies, such conduct was not willful and should not give rise to liability.

WHEREFORE, Credit Control, LLC respectfully demands judgment against Plaintiff dismissing the Complaint in its entirety, together with such other, further, or different relief, not inconsistent herewith, as may be just, equitable, and proper, together with the costs and disbursements of this action.

Dated: June 26, 2023

**LIPPES MATHIAS LLP**

/s Brendan H. Little
Brendan H. Little, Esq.
Attorneys for Defendant
50 Fountain Plaza, Suite 1700
Buffalo, NY 14202
T: 716-853-5100
F: 716-853-5199
E: blittle@lippes.com