Attorneys for Plaintiff:

>Brett Freeman: Bar Number PA 308834
>FREEMAN LAW
>210 Montage Mountain Road
>Moosic, PA 18507
>Phone (570) 589-0010
>Facsimile (570) 456-5955
>Email brett@freeman.law

Attorneys for Defendant:

>Brendan H. Little: Bar Number 317322
>LIPPES MATHIAS, LLP
>50 Fountain Plaza, Suite 1700
>Buffalo, NY 14202
>Phone 716-853-5100
>Facsimile 716-853-5199
>Email blittle@lippes.com

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Shannon Dodge,<br>          Plaintiff,<br>v.<br><br>Credit Control, LLC,<br>          Defendant. | Docket 3:23-cv-920-MEM<br><br>(Judge Malacy E. Mannion)<br><br>FILED ELECTRONICALLY |

### PROPOSED JOINT CASE MANAGEMENT PLAN

    Instructions:  In many cases there will be more parties in the action than there are spaces provided in this form. Each party shall provide all requested information. If the space on this form is not sufficient, the form should be retyped or additional pages attached.

No party may submit a separate Case Management Plan.  Disagreements among parties with respect to any of the matters below shall be set forth in the appropriate section

Having complied with the meet and confer requirements set forth in the LOCAL RULES, or with any orders specifically modifying their application in the above-captioned matter, the parties hereby submit the following Joint Case Management Plan.

**1.     Principal Issues**

1.1     Separately for each party, please give a statement summarizing this case:

By Plaintiff:  Defendant violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("the Act"), which regulates the relationship between a debt collector and a consumer. Specifically, Defendant violated the Act when it continued to attempt to collect a debt after it was sent, and presumably received, a letter disputing the alleged debt Defendant was collecting.

Separately, Defendant violated the Act when it caused telephone calls to be placed to Plaintiff in which Defendant did not properly disclose that Defendant was a debt collector and Defendant did not meaningfully identify itself during these calls. During multiple calls with Plaintiff, Defendant failed to disclose that it was a debt collector. Defendant's telephone calls were also deceptive and misleading because they caused Plaintiff to believe that the calls pertained to an important matter, rather than from a simple

communication with a debt collector. The Act provides for a recovery of actual damages, statutory damages, costs, and attorney's fees.

<u>By Defendant</u>: Defendant disputes the allegations in the Complaint and the contention that violated the Fair Debt Collection Practice Act.

1.2     The facts the parties <u>dispute</u> are as follows:

    All remaining facts.

<u>agree</u> upon are as follows:


1.3     The legal issues the parties <u>dispute</u> are as follows:

    All remaining legal issues.

<u>agree</u> upon are as follows:

    Defendant is a "debt collector" as that term is used in the FDCPA.

1.4     Identify any unresolved issues as to service of process, personal jurisdiction, subject matter jurisdiction, or venue:

    None.

1.5     Identify any named parties that have not yet been served:

    None.

1.6     Identify any additional parties that:

plaintiff(s) intends to join:  None.

defendant(s) intends to join: None.

1.7    Identify any additional claims that:

plaintiff(s) intends to add:  None.

defendant(s) intends to add: None.

**2.0    Disclosures**

The undersigned counsel certify that they have made the initial disclosures required by Federal Rule of Civil Procedure 26(a)(1) or that they will do so within the time provided by that rule.

2.1    Separately for each party, list by <u>name and title/position</u> each person whose identity has been disclosed.

Disclosed by <u>Plaintiff</u>:

| <u>Name</u> | <u>Title/Position</u> |
|---|---|
| <u>Shannon Dodge</u> | Plaintiff |

Disclosed by <u>Defendant Credit Control, LLC</u>**:**

| <u>Name</u> | <u>Title/Position</u> |
|---|---|
| TBD | Corporate Designee |

**3.0    Early Motions**

Identify any motion(s) whose early resolution would <u>likely</u> have a significant effect either on the scope of discovery or other aspects of the litigation:

<u>Nature of Motion</u>         <u>Moving Party</u>         <u>Anticipated Filing Date</u>

**4.0   Discovery**

4.1   Briefly describe any discovery that has been completed or is in progress:

By Plaintiff(s):  Plaintiff will serve disclosures under Rule 26(a)(1) and written discovery requests.

By Defendant(s):  Defendant will serve its Initial Disclosures.

4.2   Describe any <u>discovery</u> that all <u>parties agree</u> should be conducted, indicating for each discovery undertaking its purpose or what kinds of information will be developed through it (e.g., "plaintiff will depose Mr. Jones, defendant's controller, to learn what defendant's revenue recognition policies were and how they were applied to the kinds of contracts in this case"):

Depositions of Plaintiff and the authorized representative of

Defendant. Written discovery regarding the claims at issue.

4.3   Describe any <u>discovery</u> that one or more parties want(s) to conduct but <u>to which another party objects</u>, indicating for each such discovery undertaking its purpose or what kinds of information would be developed through it:

None.

4.4   Identify any <u>subject area limitations on discovery</u> that one or more parties would like imposed, at the first stage of or throughout the litigation:

5

       None.

4.5    For each of the following discovery tools, <u>recommend the per-party or per-side limitation</u> (specify a number) that should be fixed, subject to later modification by stipulation or court order on an appropriate showing (where the parties cannot agree, set forth separately the limits recommended by plaintiff(s) and by defendant(s)):

    4.5.1   depositions (excluding experts) to be taken by:

       Plaintiff(s):  **10**    Defendant(s):  **10**

    4.5.2   interrogatories to be served by:

       Plaintiff(s):  **25**    Defendant(s): **25**

    4.5.3   document production requests to be served by:

       Plaintiff(s):  **40**    Defendant(s):  **40**

    4.5.4   requests for admission to be served by:

       Plaintiff(s):  **40**    Defendant(s):  **40**

4.6    Discovery of Electronically Stored Information

☒ Counsel certify that they have conferred about the matters addressed in M.D. Pa LR 26.1 and that they are in agreement about how those matters will be addressed in discovery.

    The parties have agreed to reasonably exchange e-discovery information, and that the information will be exchanged in native format and PDF format.

☐ Counsel certify that they have conferred about the matters addressed in M.D. Pa. LR 26.1 and that they are in agreement about how those matters will be addressed in discovery with the following exceptions:

**5.0**   **Protective Order**

5.1   If entry of a protective order is sought, attach to this statement a copy of the proposed order. Include a statement justifying the propriety of such a protective order under existing Third Circuit precedent.

      No protective order is sought at this time.

5.2   If there is a dispute about whether a protective order should be entered, or about certain terms of the proposed order, briefly summarize each party's position below:

**6.0**   **Scheduling**

6.1   Final date for joining additional parties:

      <u>December 29, 2024</u>  Plaintiff(s)

      <u>January 29, 2024</u>  Defendant(s)

6.2   Final date for amending pleadings:

      <u>December 29, 2023</u>  Plaintiff(s)

      <u>January 29, 2024</u>  Defendant(s)

6.3   All fact discovery commenced in time to be completed by:

      <u>June 28, 2024</u>

6.4   All potentially dispositive motions should be filed by:

      <u>August 30, 2024</u>

6.5   Reports from retained experts due:

from plaintiff(s) by <u>None anticipated</u>

from defendant(s) by <u>None anticipated</u>

6.6   Supplementations due <u>None anticipated</u>

6.7   All expert discovery commenced in time to be completed by <u>None anticipated</u>

6.8   This case may be appropriate for trial in approximately:

<u> </u>   240 Days from the filing of the action in this court
<u>X</u>   365 Days from the filing of the action in this court
<u> </u>   Days from the filing of the action in this court

6.9   Suggested date for the final Pretrial Conference:

<u>November, 2024</u> (month/year)

6.10   Trial

6.10.1 Suggested Date for the Trial:

<u>December, 2024</u> (month/year)

**7.0   Certification of Settlement Authority (All Parties Shall Complete the Certification)**

I hereby certify that the following individual(s) have settlement authority.

For Plaintiff:

<u>Shannon Dodge</u>
Name

<u>Plaintiff</u>
Title

<u>106 Lyndon Dr.</u>
<u>Scott Township, PA 18411</u>

8

Address

(570) 219-3083  Daytime Telephone

For Defendant Credit Control, LLC**:**

Susan Taylor
Name

_____
Title

_____
Address

(   )_____  Daytime Telephone

**8.0**   **Alternative Dispute Resolution ("ADR")**

8.1   Identify any ADR procedure to which this case already has been assigned or which the parties have agreed to use.

ADR procedure: Mediation. At the mediation, each party's counsel and Plaintiff will appear in-person. Additionally, an officer of Defendant who has the full authority to settle the case on any terms will also appear in-person.

Date ADR to be commenced: One week after close of discovery.

Date ADR to be completed: Three weeks after close of discovery.

8.2   If the parties have been unable to agree on an ADR procedure, but one or more parties believes that the case is appropriate for such a procedure, identify the party or parties that recommend ADR and the specific ADR process recommended:

8.3   If all parties share the view that no ADR procedure should be used in this case, set forth the basis for that view:

9

**9.0  Consent to Jurisdiction by a Magistrate Judge**

Indicate whether all parties agree, pursuant to 28 U.S.C. § 636(c), to have a magistrate judge handle all the remaining pretrial aspects of this case and preside over a jury or court trial, with appeal lying to the United States Court of Appeals for the Third Circuit:

All parties agree to jurisdiction by a magistrate judge of this court:
\_\_\_\_Y  _X_ N

If parties agree to proceed before a magistrate judge, please indicate below which location is desired for the proceedings:

_X_   Scranton/Wilkes-Barre

\_\_\_\_   Harrisburg

**10.0  Other Matters**

Make any other suggestions for the case development process, settlement, or trial that may be useful or necessary to the efficient and just resolution of the dispute.

10.1 LR 16.3(a) modification – The parties agree that the following information contained in this form shall be deemed admissions of each party for all purposes during this action.

    10.1.1   The factual statements in paragraph 1.2 following the heading "that the parties agree upon".

    10.1.2   The legal contentions in paragraph 1.3 following the heading "that the parties agree upon".

10.2 Modifications from Discovery Rules:

10

10.2.1   Before noticing any deposition, counsel shall contact all counsel of record to determine mutually convenient times, dates and locations. If opposing counsel has not provided this information within 48 hours of request, the deposition may be noticed unilaterally. The officer at a video deposition may be an employee of a party's attorney.

10.2.2   Depositions shall be conducted in accordance with the guidelines for discovery depositions set forth in *Hall v. Clifton Precision, a Div. of Litton Sys., Inc.*, 150 F.R.D. 525, 531-32 (E.D. Pa. 1993). At any time during a deposition, counsel for the party conducting the deposition may state that all objections shall be reserved until trial, in which event:

(a)   any attorney defending the deposition shall refrain from making any further objections of any nature;

(b)   notwithstanding Fed.R.Civ.P. 32(d)(3), no objection shall be deemed waived; and

(c)   the attorney defending the deposition retains the right under Fed.R.Civ.P. 30 (c)(2) to instruct a deponent not to answer to preserve a

privilege, enforce a limitation ordered by the court, or to present a motion under Rule 30(d)(3).

**11.0    Identification of Lead Counsel**

Counsel shall be registered users of the court's Electronic Case Files System (ECF) and shall file documents electronically in accordance with the Local Rules of Court and the Standing Order RE: Electronic Case Filing Policies and Procedures. Electronic filing is required unless good cause is shown to the Chief Judge why counsel cannot comply with this policy. Any request for waiver of electronic filing must be filed with the Clerk's Office prior to the case management conference. The Chief Judge may grant or deny such request.

Identify by name, address, and telephone number lead counsel for each party. Also please indicate ECF User status below.

    For Plaintiff:

Brett Freeman
FREEMAN LAW
210 Montage Mountain Road
Moosic, PA 18507
(570) 589-0010

    For Defendant:

Brendan H. Little
LIPPES MATHIAS, LLP
50 Fountain Plaza, Suite 1700
Buffalo, NY 14202
Phone 716-853-5100

DATED: 7/31/2023    *s/ Brett Freeman*
                              Attorney(s) for Plaintiff(s)
                              ☒ ECF User(s)
                              ☐ Waiver requested (as separate document)

        ☐ Fed.R.Civ.P.7.1 (statement filed if necessary)*
        Brett Freeman
        Bar Number PA 308834
        FREEMAN LAW
        210 Montage Mountain Road
        Moosic, PA 18507
        Phone (570) 589-0010
        Facsimile (570) 456-5955
        Email brett@freeman.law

DATED: 7/31/2023   *Brendan H. Little (with consent)*
        Attorney(s) for Defendant(s)
        ☒ ECF User(s)
        ☐ Waiver requested (as separate document)
        ☒ Fed.R.Civ.P.7.1 (statement filed if necessary)*
        Brendan H. Little: Bar Number 317322
        LIPPES MATHIAS, LLP
        50 Fountain Plaza Suite 1700
        Buffalo, NY 14202
        Phone 716-853-5100
        Facsimile  716-853-5199
        blittle@lippes.com

\* Fed.R.Civ.P.7.1 requires a nongovernmental corporate party to file a statement with the initial pleading, first entry of appearance, etc., that identifies any parent corporation and any publicly held corporation that owns 10% or more of its stock, or state there is no such corporation.