IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Shannon Dodge,<br>     Plaintiff<br> v.<br><br>Credit Control, LLC,<br>     Defendant | Docket No. 3:23-cv-920-MEM<br>(JUDGE MALACHY E. MANNION)<br><br>FILED ELECTRONICALLY |

## **AMENDED COMPLAINT**

### I. INTRODUCTION

1. This is an action for damages brought by an individual consumer for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereinafter "the Act"). Defendant violated the Act by continuing to contact Plaintiff after she disputed an alleged debt, and before Defendant had verified the debt. Additionally, Defendant communicated with Plaintiff by telephone without meaningfully disclosing its identity, or disclosing that Defendant was a debt collector. Defendant's calls also falsely and deceptively indicated that the call involved an important matter, when in actuality the calls were simply collection communications. In order to facilitate this telephone call, Defendant provided Plaintiff's personal and confidential information to a third-party entity. That entity then contacted Plaintiff multiple times

by telephone. Sharing Plaintiff's personal and confidential information is prohibited by the Act.

## II. PARTIES

2. Plaintiff is a natural person residing in this county.

3. Plaintiff is, and at all relevant times was, a "consumer" as defined by 15 U.S.C. § 1692a(3).

4. Credit Control, LLC is an entity with an address of 3300 Rider Trail S, Suite 500, Earth City, MO 63045.

5. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## III. STATEMENT OF CLAIM

6. The foregoing paragraphs are incorporated herein by reference.

7. Congress enacted the Act to prevent real harm. Congress found that "abusive debt collection practices [we]re carried on to a substantial extent in interstate commerce and through means and instrumentalities of such commerce." 15 U.S.C. § 1692(d).

8. In order to help achieve this goal, the Act prohibits a debt collector from using harassing or abusing a consumer, or from using

false, deceptive, or misleading representations or means when attempting to collect a debt.

9. Within the past year Credit Control, LLC was attempting to collect from Plaintiff an account that Plaintiff allegedly owed ("the Account").

10. The Account is a "debt" as that term is defined by the Act, 15 U.S.C. § 1692a(5).

*Count 1 – Violation of 15 U.S.C. § 1692g*

11. The foregoing paragraphs are incorporated herein by reference.

12. On or about January 13, 2023, Defendant sent a collection letter to Plaintiff seeking to collect the Account.

13. In the January 13, 2023 letter, Defendant advised Plaintiff that she had until February 27, 2023 to dispute the Account.

14. Shortly after receiving the January 13, 2023 letter, Plaintiff timely submitted a dispute of the debt to Defendant ("the Dispute").

15. The Dispute was mailed to the address listed in the January 13, 2023 letter.

16. It is believed, and therefore averred, that, shortly after it was mailed, Defendant received the Dispute.

17. As set forth in the Act, once a debt collector receives a dispute it must stop collection efforts until it provides the consumer with a verification of the debt.

18. Specifically, the Act states:

> the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector.

15 U.S.C. § 1692g(b).

19. After receiving the Dispute, Defendant did not cease collecting the Account.

20. Instead, Defendant continued to seek to collect the Account from Plaintiff, such as by, *inter alia*, placing telephone calls to her on January 19, 2023, January 25, 2023, January 30, 2023, and January 31, 2023.

21. As of the filing of this amended complaint, Plaintiff has still not received any response.

22. Continuing to collect the Account after Plaintiff had disputed it, and prior to sending a verification, violates the FDCPA, 15 U.S.C. § 1692g.

WHEREFORE, Plaintiff demands judgment against Defendant for statutory damages of no more than $1,000.00, costs, attorney's fees, and such other and further relief as deemed just and proper.

*Count 2 – Violation of 15 U.S.C. §§ 1692d and 1692e*

23. The foregoing paragraphs are incorporated herein by reference.

24. In addition to contacting Plaintiff while a dispute was pending, Defendant violated the Act because its telephone calls to Plaintiff regarding the Account did not properly disclose that Defendant was a debt collector and Defendant did not meaningfully identify itself during these calls.

25. Specifically, when Plaintiff would answer a call, the caller would state that they were calling about a personal business matter, and sought to confirm that Plaintiff was the individual answering the phone. Once Plaintiff confirmed this information, she was transferred to a "representative," who then demanded more personal information from

Plaintiff, such as parts of her social security number. Plaintiff refused to provide this additional information.

26. At no point during these telephone calls was Plaintiff advised that the caller was a debt collector.

27. Additionally, the calls were deceptive and misleading, because Plaintiff believed that the calls pertained to an important matter—such as her husband's safety on the overseas trip he was on—rather than a simple communication from a debt collector.

28. Defendant violated the FDCPA by failing to disclose during these telephone calls that the call was from a debt collector, and by failing to meaningfully disclose its identity. 15 U.S.C. § 1692d(5) and 15 U.S.C. § 1692e(11).

29. Additionally, Defendant violated the FDCPA by falsely and deceptively representing that the call regarded an important matter, when in actuality the calls were simply attempts to collect the Account. 15 U.S.C. § 1692e.

WHEREFORE, Plaintiff demands judgment against Defendant for statutory damages of no more than $1,000.00, costs, attorney's fees, and such other and further relief as deemed just and proper.

*Count 3 – Violation of 15 U.S.C. § 1692c(b)*

30. The foregoing paragraphs are incorporated by reference.

31. When enacting the Act, Congress found that "abusive debt collection practices [we]re carried on to a substantial extent in interstate commerce and through means and instrumentalities of such commerce." 15 U.S.C. § 1692(d).

32. One of the abusive debt collection practices the Act was designed to curb was "invasions of individual privacy." 15 U.S.C. § 1692(a).

33. In order to help achieve this goal, the Act prohibits, absent a few exceptions not relevant to the present matter, a debt collector from communicating with a third-party in connection with the collection of a debt. 15 U.S.C. § 1692c(b).

34. As referenced above in paragraph 25, Plaintiff would get transferred to a "representative" after she provided initial confirmation of her identity.

35. It is believed, and therefore averred, that these initial telephone calls were not placed by Defendant itself, but rather through the use of a third-party vendor. The factual contentions in this

paragraph will likely have evidentiary support after a reasonable opportunity for further investigation or discovery.

36. In using this third-party vendor, Defendant conveyed information regarding the Account to the third-party. The factual contentions in this paragraph will likely have evidentiary support after a reasonable opportunity for further investigation or discovery.

37. The information Defendant conveyed to the third-party included Plaintiff's name, telephone number, status as a debtor, and specific information regarding the Account. The factual contentions in this paragraph will likely have evidentiary support after a reasonable opportunity for further investigation or discovery.

38. The conveyance of this information to the third-party constituted a "communication" as that term is defined in 15 U.S.C. § 1692a(2).

39. The conveyance of this information to the third-party was a communication made in connection with the collection of a debt. *See generally Hunstein v. Preferred Collection & Mgmt. Servs., Inc.*, 17 F.4th 1016 (11th Cir.), *reh'g en banc granted, opinion vacated,* 17 F.4th 1103 (11th Cir. 2021)(case dismissed on jurisdictional grounds);

*Khimmat v. Weltman, Weinberg and Reis Co., LPA,* 585 F. Supp.3d 707 (E.D. Pa. 2022); *Jackin v. Enhanced Recovery Co., LLC*, 606 F. Supp.3d 1031 (E.D. Wash. 2022).

40. The information conveyed to the third-party vendor was not simply received by the third-party, but was actually used by the third-party's individual employees, resulting in multiple telephone calls to Plaintiff. The factual contentions in this paragraph will likely have evidentiary support after a reasonable opportunity for further investigation or discovery.

41. These telephone calls placed by the third-party vendor to Plaintiff attempts to collect the Account from Plaintiff.

42. These telephone calls placed by the third-party vendor were "communications," as that term is defined in 15 U.S.C. § 1692(a)(2).

43. Plaintiff never consented to Defendant communicating with the third-party vendor in connection with the collection of the Account.

44. By improperly conveying information regarding Plaintiff to a third-party in connection with the collection of the Account, Defendant violated 15 U.S.C. § 1692c(b). *See Hunstein v. Preferred Collection & Mgmt. Servs., Inc.*, 17 F.4th 1016 (11th Cir.), *reh'g en banc granted,*

*opinion vacated,* 17 F.4th 1103 (11th Cir. 2021)(case dismissed on jurisdictional grounds); *Khimmat v. Weltman, Weinberg and Reis Co., LPA,* 585 F. Supp.3d 707 (E.D. Pa. 2022); *Jackin v. Enhanced Recovery Co., LLC,* 606 F. Supp.3d 1031 (E.D. Wash. 2022).

WHEREFORE, Plaintiff demands judgment against Defendant for statutory damages of no more than $1,000.00, costs, attorney's fees, and such other and further relief as deemed just and proper.

## IV. DEMAND FOR JURY TRIAL

45. Plaintiff demands a trial by jury as to all issues so triable.

          *s/ Brett Freeman*
          Brett Freeman
          Bar Number: PA 308834
          Freeman Law
          606 Hamlin Highway, Suite 2
          Lake Ariel, PA 18436
          Attorney for Plaintiff
          Phone (570) 589-0010
          Facsimile (570) 456-5955
          Email brett@freeman.law